IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| R. WAYNE JOHNSON, #00282756 | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:22cv966 |
| | § | |
| LAURINE BLAKE, ET AL. | § | |

**MEMORANDUM OPINION AND ORDER**

*Pro se* Plaintiff R. Wayne Johnson filed a petition for a writ of mandamus under 28 U.S.C. § 1651, or alternatively, a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). (Dkt. #9).

Plaintiff filed the above-styled and numbered civil rights lawsuit pursuant to 42 U.S.C. § 1983. (Dkt. #1). On January 9, 2023, the United States Magistrate Judge issued a Report and Recommendation ("the Report") (Dkt. #6) containing proposed findings of fact and recommendations that Plaintiff's case be dismissed without prejudice under Federal Rule of Civil Procedure 41(b) for Plaintiff's failure to comply with the Court's Order (Dkt. #3) to either pay the $402.00 filing fee or submit an application to proceed *in forma pauperis*. Plaintiff did not file objections to the Report. On February 7, 2023, the Court adopted the Magistrate Judge's Report as the findings and conclusions of the Court, dismissed Plaintiff's case without prejudice, and closed the case. (Dkt. #8).

Over two years after final judgment entered, Plaintiff filed the instant motion seeking an "order to void order" by way of either Rule 60(b) or a petition for a writ of mandamus (Dkt. #9, p. 2). In the motion, Plaintiff appears to be reasserting the claims he raised in his § 1983 complaint (Dkt. #1). He asserts that a state court judge lacked jurisdiction to issue an order in his state court proceeding and that "[j]udges who lack jurisdiction pay damages." (Dkt. #9, p. 1-2). As previously

stated, Plaintiff's complaint has been dismissed for failure to prosecute. Plaintiff does not attack the grounds for the Court's dismissal of his case.

In a Rule 60(b) motion for relief from judgment, the movant must show that he is entitled to relief from judgment because of (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misconduct, or misrepresentation of an adverse party; (4) that the judgment is void; (5) that the judgment has been satisfied; or (6) any other reason justifying the granting of relief from the judgment. Relief will be granted only in "unique circumstances," and the district court has considerable discretion in determining whether the movant has met any of the Rule 60(b) factors. *Pryor v. U.S. Postal Service*, 769 F.2d 281, 287 (5th Cir. 1985); *Teal v. Eagle Fleet, Inc.*, 933 F.2d 341, 347 (5th Cir. 1991).

Plaintiff provides no basis for relief from judgment under any section of Rule 60(b). This case was properly dismissed for failure to prosecute. Undeniably, Plaintiff did not comply with the Court's Order (Dkt. #3) to either pay the $402.00 filing fee or submit an application to proceed *in forma pauperis*. It is axiomatic that "a federal district court has both specific and inherent power to control its docket." *See Miller v. Thaler*, 434 F. App'x 420, 421 (5th Cir. 2011) (quoting *In re United Markets Int'l, Inc.*, 24 F.3d 650, 654 (5th Cir. 1994)). In the face of Plaintiff's failure to comply with the Court's Order, the dismissal is appropriate.

Furthermore, insofar as Plaintiff seeks an order from this Court to compel the state court judge to void an order in a state court proceeding, the Court is without jurisdiction to award such relief. The authority to issue extraordinary writs derives from the All Writ Statute, 28 U.S.C. § 1651 cited by Plaintiff, but this authority exists for the sole purpose of protecting the respective jurisdictions of the federal courts. The federal statute concerning the authority of federal courts to issue writs of mandamus is 28 U.S.C. § 1361. The statute specifically provides that federal district

courts "shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. However, a federal district court is not authorized to direct state officials in the performance of their duties. *Moye v. Clerk, Dekalb Cnty. Superior Ct.*, 474 F.2d 1275, 1275-76 (5th Cir. 1973); *see also Emerson v. Owens*, 472 F. App'x 308 (5th Cir. 2012). Specifically, "a federal court lacks the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought." *Moye*, 474 F.2d at 1275-76. This Court is therefore without power to order the state court judge to take any action in Plaintiff's state court case.

It is accordingly **ORDERED** that Plaintiff's petition for a writ of mandamus, or alternatively, a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b) (Dkt. #9) is **DENIED**.

**IT IS SO ORDERED.**

**SIGNED** this 25th day of March, 2025.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE